**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KATHERINE ANDERSON<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, INC., and TROY LAW,<br><br>Defendants. | ) | Case No. 25-cv-00612-SH |

**OPINION AND ORDER**

Before the Court is Plaintiff's motion to remand, asserting lack of complete diversity and, therefore, lack of subject-matter jurisdiction.[1] Because the Court finds that Defendant Troy Law was not fraudulently joined, the motion will be granted, and this matter will be remanded to state court for further proceedings.

**Background**

Plaintiff Katherine Anderson ("Anderson") has sued State Farm Fire and Casualty Company, Inc. ("State Farm") and its adjustor, Troy Law ("Law"). Anderson asserts that, after her house was damaged in a 2023 storm, Defendants' actions resulted in State Farm failing to pay full policy benefits and delaying resolution of Anderson's claims. (Dkt. No. 2-1.) Anderson claims State Farm breached its duty of good faith and fair dealing and that both State Farm and Law committed fraud. (*Id.* ¶¶ 38–50.)

Plaintiff Anderson and Defendant Law are both citizens of Oklahoma. (Dkt. Nos. 9, 22.) State Farm is a citizen of Illinois. (Dkt. No. 8.) Nevertheless, State Farm has removed the action to this Court, arguing Law was fraudulently joined as a defendant and

[1] The parties have consented to the jurisdiction of a U.S. Magistrate Judge for all purposes under 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(a). (Dkt. No. 14.)

that, without him, the Court has diversity jurisdiction. (Dkt. No. 2.) Anderson now moves to remand.[2] (Dkt. No. 15.)

## Analysis

### I. Diversity Jurisdiction & Fraudulent Joinder

"Federal courts are courts of limited jurisdiction and generally can resolve only the cases that Congress grants them power to hear." *Hain Celestial Grp., Inc. v. Palmquist*, 607 U.S. 421, 424 (2026). Congress has allowed defendants to remove state-court actions to federal court, but only so long as those actions are the type over which federal courts have original jurisdiction. 28 U.S.C. § 1441(a).

One such class of cases involves diverse parties. *Hain*, 607 U.S. at 424; *see also* 28 U.S.C. § 1332(a) (establishing the requirements for diversity jurisdiction); *id.* § 1441(b)(2) (allowing diversity cases to be removed, so long as none of the defendants properly joined and served are citizens of the forum state). For this Court to exercise diversity jurisdiction, the matter in controversy must exceed $75,000, and "complete diversity between all plaintiffs and all defendants" must exist. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

The right of a defendant to remove "cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic*

---

[2] State Farm has also moved to dismiss Anderson's fraud claims. (Dkt. No. 11.) Because the undersigned finds that this Court lacks subject-matter jurisdiction, it does not reach the motion to dismiss.

*Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (citation modified). A defendant may show fraudulent joinder by demonstrating "either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher*, 733 F.3d at 988 (citation modified); *see also Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) ("joinder of a resident defendant against whom no cause of action is stated is patent sham, and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists" (citation modified)).

"In many cases, removability can be determined by the original pleadings and normally the statement of a cause of action against the resident defendant will suffice to prevent removal." *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). "But upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Id.* (citation modified). A defendant "seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (citation modified).

## II. Factual Background

The parties have chosen not to provide a record beyond the pleadings, so the Court must rely entirely on the facts alleged in Anderson's state-court petition.

On June 18, 2023, a storm damaged Anderson's house. (Dkt. No. 2-1 ¶ 7.) The storm blew out windows and caused two trees to crash through the roof. (*Id.* ¶ 8.) At the time of the storm, Anderson insured her home through State Farm. (*Id.* ¶ 11.) The policy's coverage included damage to the home and other structures, living expenses, and

personal property. (*Id.* ¶ 12.) Anderson immediately began incurring costs to mitigate damages. (*Id.* ¶¶ 13–14.)

State Farm sent its first adjuster to conduct an inspection five days after the storm. (*Id.* ¶ 17.) From the outset of the claims handling process, State Farm delayed investigation and evaluation, and it placed the onus on Anderson for investigation, evaluation, and repairs. (*Id.* ¶¶ 18–19.) This included State Farm repeatedly reassigning the adjusters on Anderson's case, with Defendant Law being the 17th adjuster assigned to Anderson's claim. (*Id.* ¶¶ 20, 27.) State Farm similarly failed to approve significant and necessary costs/repairs that were covered under the policy. (*Id.* ¶¶ 22–24.) Further, State Farm sent partial, unexplained payments for repairs and delayed or underpaid Anderson's claims of personal property losses. (*Id.* ¶¶ 25–26.)

Relevant here, Defendant Law inspected Anderson's home on June 6, 2025—nearly two years after the initial damage. (*Id.* ¶ 27.) Law knew the policy required repairs to be made and settlements completed within two years of the date of loss, or by June 18, 2025. (*Id.* ¶¶ 7, 31.) On June 6, 2025, Law told Anderson that he would make sure her claim was completed before June 10th. (*Id.* ¶ 27.) At the time Law made this statement, he knew that State Farm would not complete the claim before the 10th, because he knew that he and State Farm intended to delay the claim past the two-year cutoff. (*Id.* ¶ 46.)

Law also said he would call Plaintiff on June 9, 2025. (*Id.* ¶ 27.) Late on the 9th, Anderson had not heard from Law, so she called him. (*Id.* ¶ 28.) Law then returned Anderson's call and told her there had been more, unforeseen delays. (*Id.* ¶¶ 29, 47.) Law knew this was false and that, instead, State Farm was intentionally delaying payment. (*Id.* ¶ 47.)

Due to the delays, Law told Anderson she needed to send a formal request to State Farm for an extension to complete the adjustment of her claim. (*Id.* ¶ 29.) Law asked Plaintiff to make a very narrow and specific request for extension. (*Id.* ¶ 30.) Law told Anderson to make a limited extension request in order to cause her to waive her right to recover full reimbursement for costs not yet paid by State Farm. (*Id.* ¶¶ 31, 48.)

Law also told Anderson not to submit claims for personal property damage until the remainer of her claim was resolved. (*Id.* ¶¶ 32–33.) Again, Law did this to "run out the clock" on the two-year period and to make it appear as if Anderson was responsible for the delay in completing her claim. (*Id.* ¶ 33.)

Anderson asserts that, due to Law's actions, she lost insurance benefits, lost use and enjoyment of her home and personal property, and suffered mental pain and suffering, embarrassment, frustration, and humiliation. (*Id.* ¶ 50.)

## III. State Farm Has Not Shown Fraudulent Joinder

State Farm argues that Law's fraudulent joinder is evident through both the actual fraud in Anderson's pleadings and her inability to establish a cause of action against him. (Dkt. No. 18 at 8–18.[3]) The Court will address each contention in turn.

### A. Actual Fraud in the Pleading of Jurisdictional Facts

Without pointing to a single false statement in the petition, State Farm asserts that Anderson committed actual fraud in joining Law as a defendant. (*Id.* at 8–10.) State Farm justifies this argument by asserting that actual fraud "does not require actual fraud in the technical sense," just "bad faith pleading," which is how State Farm characterizes plaintiff's apparent attempts to remain in state court when her "true dispute" lies with the

[3] Page numbers refer to those in the court-provided header.

foreign defendant and when she allegedly has no viable claim against a local defendant. (*Id.*) State Farm argues this does not "conflate the two prongs." (*Id.* at 10.) But it does.

Every authority relied upon by State Farm for its "actual fraud" argument is either a general statement of principles or an authority specifically analyzing the second prong. State Farm cites *Ervin v. Minnesota Life Insurance Company* for the proposition that "[f]raudulent joinder is a term of art" that "does not reflect on the integrity of plaintiff or counsel . . . ." No. CIV-19-393-RAW, 2020 WL 2521510, at *2 (E.D. Okla. May 18, 2020). But this case does not remove "actual fraud" from the prong for "<u>actual fraud</u> in the pleading of jurisdictional facts." *Id.* (emphasis added).

State Farm then cites *Brazell v. Waite* for the proposition that "[f]raudulent joinder need not involve actual fraud in the technical sense" and "can occur when the plaintiff joins a resident defendant against whom no cause of action is stated in order to prevent removal . . . ." 525 F. App'x 878, 881 (10th Cir. 2013) (citation modified).[4] But *Brazell* was not discussing what constituted "actual fraud" under what—two months later—the *Dutcher* court described as a two-pronged test. The *Brazell* court was simply recognizing the existence of a second prong in that test.

In its notice of removal, State Farm tries a different tack, citing *Marino v. State Farm Fire & Casualty Company* for the proposition that a court may find "actual fraud in the pleadings when there is an impression that many of the significant allegations were included to defeat removal." (Dkt. No. 2 ¶ 11 (citing No. CIV-22-0885-HE, 2023 WL 11915691, at *3 (W.D. Okla. Aug. 7, 2023).) But, in *Marino*, the district court found actual fraud because, after jurisdictional discovery, it became "clear that many of the cookie-

[4] Unpublished decisions are not precedential, but they may be cited for their persuasive value. 10th Cir. R. 32.1(A).

cutter allegations offered to state a claim against [the resident defendant] are false or at least unsupported." *Marino*, 2023 WL 11915691, at *2.

The Court finds that to show "actual fraud in the pleading of jurisdictional facts," *Dutcher*, 733 F.3d at 988, the defendant must show exactly that: actual fraud in the pleading of jurisdictional facts. *See also Sanelli v. Farmers Ins. Co., Inc.*, No. CIV-23-263-SLP, 2023 WL 3775177, at *2 (W.D. Okla. June 2, 2023) (noting this prong "basically requires a showing that plaintiff lied in the pleadings" (citation modified)). State Farm has made no effort to show any fraud in the pleading of any facts. State Farm has failed to establish fraudulent joinder under the first prong.

**B. Inability to Establish a Claim**

State Farm has also failed to meet its burden of showing the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher*, 733 F.3d at 988 (citation modified). Under this prong, the defendant must "demonstrate that there is no possibility that plaintiff would be able to establish a cause of action against the joined party in state court."[5] *Montano v. Allstate Indem.*, 211 F.3d 1278 (table), 2000 WL 525592, at *1 (10th Cir. April 14, 2000) (unpublished) (citation modified). Where the defendant asserts a problem with the plaintiff's ability to assert a

---

[5] In another unpublished case, the Tenth Circuit states in dicta that to determine fraudulent joinder, a "court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (noting "the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law"). Some courts consider this standard compatible with the formulation stated in *Montano*. *See, e.g.*, *Willard v. State Farm Fire & Cas. Co.*, No. CIV-25-337-SLP, 2025 WL 2419274, at *3 (W.D. Okla. Aug. 21, 2025). Others have treated *Montano* and *Nerad* as inherently incompatible. *See, e.g.*, *Mayes Cnty. FOP Lodge #116, Inc v. Farmers Ins. Exch.*, No. 19-CV-687-JED-FHM, 2020 WL 6136236, at *3 (N.D. Okla. Oct. 19, 2020). To the extent the standards are conflicting, the undersigned applies the more rigorous standard in *Montano*.

cause of action based on the facts alleged, "the issue must be capable of summary determination and be proven with complete certainty." *Smoot*, 378 F.2d at 882 (noting federal courts will not "pre-try, as a matter of course, doubtful issues of fact to determine removability"). Where the defendant asserts a problem with the law, the Court keeps in mind that—"A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Brazell*, 525 F. App'x at 881 (citation modified).

The fraudulent joinder "standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Montano*, 2000 WL 525592, at *2. Similarly, the Court does not look to whether the state-court petition stated a fraud claim with the level of particularity required by Rule 9(b), as such a defect could easily be corrected by amendment. *See McDaniel v. Cont'l Cas. Co.*, No. CIV-17-818-W, 2018 WL 8758739, at *3 & n.6 (W.D. Okla. Feb. 16, 2018); *see also Kitchen v. State Farm Fire & Cas. Co.*, No. CIV-25-1385-R, 2026 WL 736460, at *3–4 (W.D. Okla. Mar. 16, 2026).

The Court addresses each of State Farm's remaining arguments in turn.

### 1. Existing Facts vs. Promises as to Future Performance

State Farm first argues that Anderson has no possibility of recovery against Law, because all of his alleged misstatements were promises of future performance and not statements of existing fact. (Dkt. No. 18 at 11–12.) State Farm misses that, conceptually, a fraudulent promise—i.e., a promise made knowing one has no intention of performing—is a statement of present fact. As the Oklahoma Supreme Court notes, "the error . . . consists in not distinguishing between the nonperformance of a promise and a promise

made mala fide, and without any intention at the time of making it to perform it." *Citation Co. Realtors v. Lyon*, 1980 OK 68, ¶ 8, 610 P.2d 788, 791 (quoting *McLean v. Sw. Cas. Ins. Co.*, 1915 OK 987, ¶ 5, 61 Okla. 79, 159 P. 660, 662). That is,

> There must be a misstatement of an existing fact; but the state of a man's mind is as much a fact as the state of his digestion. It is true that it is very difficult to prove what the state of a man's mind at a particular time is, but if it can be ascertained, it is as much a fact as anything else. A misrepresentation as to the state of a man's mind is therefore a misstatement of fact.

*McLean*, 159 P. at 662, ¶ 5 (citation modified). As noted above, Anderson alleges that Law made promises about the future (e.g., that he would make sure her claim was completed before June 10, 2025), knowing at the time he made the statement that it was untrue and that he and State Farm intended to delay the claim beyond that date.[6] *See also* Okla. Stat. tit. 76, § 3(4). It is therefore not impossible for Anderson to establish a cause of action against Law based on the "future" nature of his statements.

### 2. Reliance & Damages

State Farm next argues that Anderson has failed to plead reliance on Law's alleged misstatements or any damages resulting from his statements. (Dkt. No. 18 at 12–13.) Common law fraud requires "1) a false material misrepresentation, 2) made as a positive assertion which is either known to be false or is made recklessly without knowledge of the truth, 3) with the intention that it be acted upon, and 4) which is relied on by the other

[6] Even if the Court recharacterizes Law's statements as a prediction of future events, there still could be a viable claim. "Such prophecy does, however, always carry an implied representation that the speaker knows of no facts which will prevent it from being accomplished; and as in the case of any other opinion, it has been held that there may be reasonable reliance upon the assertion where the speaker purports to have special knowledge of facts which would justify the expectations he is raising." *Hall v. Edge*, 1989 OK 143, n.4, 782 P.2d 122, 128 n.4 (quoting Prosser and Keeton on the Law of Torts § 109 at 762 (5th ed 1984)).

party to his (or her) own detriment." *Bowman v. Presley*, 2009 OK 48, ¶ 13, 212 P.3d 1210, 1217–18.

As noted above, Anderson alleges Law lied to her about when her claim would be completed and then told her to file a narrow extension request in an effort to cause her to waive her rights to other benefits to which she was entitled. Anderson also alleges that Law told her to wait and submit personal property claims after the remainder of her claim was resolved, again in an attempt to run out the clock on the two-year policy resolution period. Anderson alleges that, as a result of Law's actions, she lost insurance benefits, among other things.

State Farm has made a factual attack on the possibility of this claim, asserting that Anderson has failed to allege she "altered her conduct or forfeited any rights based on [Law's] communications." (Dkt. No. 18 at 12.) For example, State Farm notes that the petition alleges Anderson has submitted $35,000 in personal property claims. (*Id.* at 13; *see also* Dkt. No. 2-1 ¶ 26 ("Plaintiff has submitted proof of approximately $35,000 worth of personal property losses that are covered by her Policy, but has only received less than $1000 for her covered losses.").) State Farm goes on to argue that Anderson was not damaged by Law's statements, because "whatever decision State Farm made on the claim had nothing to do with any representations made to the Plaintiff by Mr. Law." (Dkt. No. 18 at 13.)

It is a reasonable interpretation of Plaintiff's petition to infer that, while she may have submitted $35,000 in personal property claims, she delayed in submitting those claims—or failed to submit others—due to Law's statements. It is also reasonable to infer that Anderson followed Law's suggestion on the extension request. The Court certainly cannot say that the allegations in the petition make proof of such facts an impossibility.

More importantly, however, the burden of showing fraudulent joinder is on State Farm. *See Dutcher*, 733 F.3d at 988. Because State Farm relies on an alleged factual deficiency, State Farm needs to show that the issue is capable of summary determination and has been proven with complete certainty. *Smoot*, 378 F.2d at 882. State Farm asks the Court to infer that certain things did not happen because they are not stated as explicitly as State Farm would like in the original state-court petition. But State Farm has much of this information within its own possession and has chosen not to provide it to the Court—or to seek jurisdictional discovery if it thought it needed additional information. For example, State Farm knows when Anderson submitted her claim for personal property. State Farm knows whether Anderson submitted an extension request and whether it was broad or narrow. And State Farm knows whether it has denied any portion of Anderson's claims on the basis of the two-year cut-off or due to Anderson's purported delays.

In *Smoot*, the non-diverse defendant submitted an affidavit showing that the facts as alleged in the petition could not possibly be true. 378 F.2d at 881 (referencing defendant's affidavit indicating "that his employment with the railroad had terminated almost fifteen months before the collision and that he was in no way connected with the acts of negligence ascribed to him"). State Farm has not done this. The Court does not read Anderson's petition as indicating it is impossible for her to establish a claim against Law, and there is a reasonable basis to believe that Anderson might succeed on a claim against him.

Law was properly joined, and this matter will be remanded to state court for further proceedings.

## Conclusion

IT IS THEREFORE ORDERED that *Plaintiff's Motion to Remand to State Court* (Dkt. No. 15) is GRANTED. This case is remanded to the District Court of Tulsa County, Case No. CJ-25-02628.

ORDERED this 22nd day of September, 2026.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT